**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| FRANCIS' DRILLING FLUIDS, LTD., | § | |
| | § | Case No. 18-35441 |
| Debtor. | § | |
| | § | |
| In re: | § § | |
| | § | Chapter 11 |
| FDF RESOURCES HOLDINGS LLC, | § | |
| | § | Case No. 18-35442 |
| Debtor. | § | |
| | § | |
| In re: | § § | |
| | § | Chapter 11 |
| FRANCIS LOGISTICS, LLC, | § | |
| | § | Case No. 18-35443 |
| Debtor. | § | |
| | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (1) DIRECTING
JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015(b) AND
LOCAL RULE 1015-1; AND (2) WAIVING REQUIREMENTS OF
BANKRUPTCY RULES 1005 AND 2002(n)**

**THE MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. If
YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE
A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU
MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE
WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT
FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED
WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE
MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST
ATTEND THE HEARING. UNLESS THE PARTIES AGREE
OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE
HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON TUESDAY, OCTOBER 2, 2018 AT 9:30 AM IN COURTROOM 404, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Francis' Drilling Fluids, Ltd. ("FDF") and its above-captioned affiliated debtors (collectively, the "Debtors") file this *Emergency Motion for Entry of an Order (1) Directing Joint Administration Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1; and (2) Waiving Requirements of Bankruptcy Rules 1005 and 2002(n)* (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

## I.      JURISDICTION, VENUE, AND AUTHORITY

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Federal Rule of Bankruptcy Procedure 1015 provides the statutory predicate for the requested relief.

2.      This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtors further confirm their consent to this Court's entry of final orders or judgments on this Motion if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

## II.     FACTUAL BACKGROUND

3.     On September 29, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"). A detailed description of the facts and circumstances leading to these chapter 11 cases is set forth in the *Declaration of Greg Baracato in Support of Chapter 11 Petitions and First Day Motions* (the "Baracato Declaration").

4.     The Debtors' immediate objectives in commencing these chapter 11 cases are to minimize any loss in the value of their assets, preserve on-going business operations, and jobs and thereby maximize creditor recoveries.  To accomplish these ends, the Debtors intend to sell substantially all of their assets pursuant to Court-approved sale procedures.

## III.     RELIEF REQUESTED

5.     Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), the Debtors seek joint administration of their chapter 11 cases and implementation of the following procedures:

     a.     One docket shall be maintained for the Debtors' cases, under the case number assigned to Francis' Drilling Fluids, Ltd.;

     b.     The caption of all pleadings, orders and other papers filed shall be modified as follows to reflect the joint administration of these cases:

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| FRANCIS' DRILLING FLUIDS, LTD., *et al.*, | § | Case No. 18-35441 |
|  | § |  |
| Debtors.[1] | § | (Jointly Administered) |
|  | § |  |

    c.      A notation substantially similar to the following notation shall be entered on the docket for all other Debtors to reflect that each of the Debtors' chapter 11 cases shall be jointly administered under the Francis' Drilling Fluids, Ltd. chapter 11 case:

> An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy case of Francis' Drilling Fluids, Ltd., Case No. 18-35441. The docket for Francis' Drilling Fluids, Ltd. should be consulted for all matters affecting this case.

    d.      The Office of the United States Trustee shall conduct joint informal meetings with Debtors, if one is required, and a joint first meeting of creditors, if one is required;

    e.      Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

    f.      Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

    g.      Separate claims registers shall be maintained for each Debtor;

    h.      One plan and disclosure statement may be filed for all of these cases; however, substantive consolidation is not being requested at this time; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are, as follows: Francis' Drilling Fluids, Ltd. (0574); FDF Resources Holdings LLC (1956); Francis Logistics LLC (9397). Additional information regarding these cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.jndla.com/cases/FrancisDrilling. The Debtors' address is 100 Asma Blvd., Suite 151, Lafayette, LA 70508.

i.   The Debtors shall be authorized to file the monthly operating reports required by the United States Trustee on a consolidated basis in a format acceptable to the United States Trustee.

6.      The Debtors additionally request waiver of the need to include the Debtors' full tax identification numbers in pleading captions.  *See* FED. R. BANKR. P.  1005 & 2002(n).

## IV.    BASIS FOR RELIEF

7.      Federal Rule of Bankruptcy Procedure 1015 authorizes the Court to order the joint administration of the estates of a debtor and its affiliates.  FED. R. BANKR. P. 1015(b) ("If a joint petition or two or more petitions are pending in the same court by . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates").  Each of the above-captioned Debtors are affiliates of Francis' Drilling Fluids, Ltd.  *See* 11 U.S.C. § 101(2); *see also* Baracato Declaration.[2]

8.      Joint administration of these cases will save considerable time and expense for the Debtors, their estates, the United States Trustee, and this Court.   Moreover, the joint administration of the chapter 11 cases will permit the use of a single, consolidated docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

9.      Joint administration will avoid the need for repetitive, duplicative, and potentially confusing notices, motions, and applications, and other filings thereby saving time and expense. In particular, joint administration will permit counsel for the Debtors and for parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases.  Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before this Court in the chapter 11 cases.

---

[2] Section 302 of the Bankruptcy Code further contemplates the joint administration of affiliated cases.

10. No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. *See, e.g., In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) ("Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates."). Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

11. As the proposed joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors. Separate claims registers shall be maintained for each Debtor.

12. Finally, omitting the Debtors' full tax identification number from pleading captions is purely procedural and will not affect any party's rights as this information is available already on the Debtors' chapter 11 petitions.

### V. EMERGENCY CONSIDERATION

13. The relief requested herein is necessary to avoid immediate and irreparable harm, and to avoid confusion and facilitate a smooth transition into these chapter 11 cases. Indeed, it is critical that the cases be jointly administered as there will be a significant volume of docket filings and other procedural events. As such, the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the Debtors' first day hearings.

## VI.   NOTICE

14.     Notice of this Motion will be provided by overnight delivery and/or e-mail or facsimile to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) all known or alleged secured creditors; (c) the Debtors' forty (40) largest unsecured creditors on a consolidated basis; (d) the Debtors' pre- and any post-petition secured lenders and their counsel; (e) the Debtors and the Debtors' professionals; (f) Prophet Equity LP and its counsel; (g) the Internal Revenue Service; (h) all applicable state and local taxing authorities; (i) all other government agencies, national, state and local, to the extent required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure or Local Rules; (j) all statutory committees appointed in these cases; (k) all parties requesting notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (l) all parties on whom the Court orders notice.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given

## VII.   PRAYER

For the foregoing reasons, the Debtors respectfully request that this Court enter an order substantially in the form attached to this Motion granting the relief requested in this Motion, and grant the Debtors such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  September 29, 2018.
      Houston, Texas

                               Respectfully submitted,

                               **NORTON ROSE FULBRIGHT US LLP**

                               By: */s/ Jason L. Boland*_____
                               William R. Greendyke (SBT 08390450)
                               Jason L. Boland (SBT 24040542)
                               Robert B. Bruner (SBT 24062637)
                               Julie Goodrich Harrison (SBT 20492434)
                               1301 McKinney Street, Suite 5100
                               Houston, Texas 77010-3095
                               Telephone:  (713) 651-5151
                               Facsimile:  (713) 651-5246
                               william.greendyke@nortonrosefulbright.com
                               jason.boland@nortonrosefulbright.com
                               bob.bruner@nortonrosefulbright.com
                               julie.harrison@nortonrosefulbright.com

                               **PROPOSED ATTORNEYS FOR DEBTORS
                               AND DEBTORS-IN-POSSESSION**

<u>**CERTIFICATE OF ACCURACY**</u>

      I hereby certify that the facts and circumstances described in the above pleading giving rise to the expedited request for relief are true and correct to the best of my knowledge, information and belief.

                                 */s/ Jason L. Boland*_____
                                 Jason L. Boland

An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy case of Francis' Drilling Fluids, Ltd., Case No. 18-35441. The docket for Francis' Drilling Fluids, Ltd. should be consulted for all matters affecting this case.

And it is further

ORDERED that the Office of the United States Trustee shall conduct joint informal meetings with Debtors, if one is required, and a joint first meeting of creditors, if one is required; and it is further

ORDERED that each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders; and it is further

ORDERED that proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed; and it is further

ORDERED that separate claims registers shall be maintained for each Debtor; and it is further

ORDERED that the Debtors shall be authorized to file the monthly operating reports required by the United States Trustee on a consolidated basis in a format acceptable to the United States Trustee; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.


Dated: _____          _____
                                                UNITED STATES BANKRUPTCY JUDGE